U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 APR 24  AM II: 13

CLERK

BY_____  *(signature)*
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

HELEN JEAN WOOD,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    Case No. 2:25-cv-00770-cr
                                    )
LINDA FOSTER, HARRY WETHERILL       )
FOSTER III, RALPH BENJAMIN, CLAYTON )
BENJAMIN, NANCY BENJAMIN, PENNY     )
MOLOSO, JEFFREY H. BURNS, and       )
JAMISON C. FOSTER,                  )
                                    )
        Defendants.                 )

ENTRY ORDER
DENYING DEFENDANT JAMISON FOSTER'S MOTION TO DISMISS AND
DENYING PLANTIFF'S APPLICATION FOR CLERK'S ENTRY OF DEFAULT
AS TO DEFENDANT JAMISON FOSTER AND SHOW CAUSE ORDER
(Docs. 51, 54.)

On September 18, 2025, Helen Jean Wood ("Plaintiff") filed suit against Linda
Foster, Harry Wetherill Foster III, Ralph Benjamin, Clayton Benjamin, Nancy Benjamin,
Penny Moloso, Jeffrey H. Burns, and Jamison C. Foster. Pending before the court is
Defendant Jamison Foster's motion to dismiss, (Doc. 54), and Plaintiff's application for
the clerk's entry of default as to Defendant Jamison Foster. (Doc. 51.)

Plaintiff is represented by Kaelin E. Mackey, Esq., Peter F. Langrock, Esq., and
William A. Vasiliou II, Esq. Defendant Jamison Foster is self-represented.

I.    **Factual and Procedural Background.**

On November 20, 2025, Plaintiff filed an affidavit of service for Defendant
Jamison Foster. The affidavit of service indicated that, on October 29, 2025, a sheriff
served Defendant Jamison Foster with the Summons and Complaint by leaving a copy on
the door at the address 1817 Spy Run Avenue, Fort Wayne, Indiana 46805, and by
mailing a copy to that same address. *See* Doc. 8. Thereafter, Defendant Jamison Foster

did not appear or file an answer or other responsive pleading by the November 19, 2025 deadline. On December 9, 2025, a filing indicated that Defendant Jamison Foster's Summons was returned as unexecuted: "11/19/25 update[:] mailer came back as undeliverable[;] someone wrote return to sender – [Defendant Jamison Foster] doesn't live here[;] post office returned as unable to forward[.]" (Doc. 16 at 1) (capitalization removed).

Nonetheless, on January 31, 2026, Plaintiff filed an application for the clerk's entry of default as to Defendant Jamison Foster, which the clerk's office granted on February 2, 2026. On February 26, 2026, Defendant Jamison Foster appeared and filed a motion to set aside the entry of default, claiming "[t]he Complaint and Summons w[ere] not personally served or left at [his] dwelling house or usual place of abode with some person of suitable age." (Doc. 38 at 2.) On March 19, 2026, the court granted his motion to set aside the clerk's entry of default because Plaintiff failed to timely oppose it and granted Defendant Jamison Foster "twenty (20) days from the date of this text Order to file an answer or other responsive pleading." (Doc. 41.) In its March 19, 2026 Order, the court acknowledged that "[t]he parties present competing facts[]" as to whether Defendant Jamison Foster was properly served and noted that Defendant "Jamison Foster may raise insufficient service of process in [his] responsive pleading[]." (Doc. 43.) On April 15, 2026, Plaintiff filed another application for the clerk's entry of default as to Defendant Jamison Foster. That same day, Defendant Jamison Foster filed a motion to dismiss, claiming "no process server or [s]heriff has served a copy of the Complaint or Summons upon [him]." (Doc. 54 at 1.)

## II.   Conclusions of Law and Analysis.

### A.   Defendant Jamison Foster's Motion to Dismiss.

Defendant Jamison Foster filed his motion to dismiss on April 15, 2026, beyond the twenty-day deadline set by the court in its March 19, 2026 Order.[1] He did not provide any reasoning for the late filing. Accordingly, it is DENIED as untimely. *See, e.g., Cost*

---

[1] Defendant Jamison Foster's answer or other responsive pleading was due by April 9, 2026.

*Cutting Consultant, Inc. v. Parcel Mgmt. Auditing & Consulting Inc.*, 2022 WL 992087, at *10 (E.D.N.Y. Mar. 31, 2022) (denying defendant's "motion to dismiss [] as untimely[]").

**B.      Plaintiff's Application for the Clerk's Entry of Default.**

Under Fed. R. Civ. P. 4(e), an individual may be properly served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Under Indiana law, where the sheriff attempted to serve Defendant Jamison Foster, an individual may be properly served by "leaving a copy of the summons and complaint at his dwelling house or usual place of abode[.]" Ind. R. Trial P. 4.1(A)(3); *see also* Ind. R. Trial P. 4.1(B) ("When service is made under subdivision (A)(3) . . . , the person making the service also must send by first[-]class mail[] a copy of the summons and the complaint to the address on the summons of the person being served, and this fact must be shown upon the return."). Generally, "[t]he burden is on the plaintiff to prove that service of process was proper." *Templos v. Luna Cuisine, Inc.*, 738 F. Supp. 3d 325, 330 (E.D.N.Y. 2024) (citation omitted).

Plaintiff has presented no evidence tending to show that 1817 Spy Run Avenue, Fort Wayne, Indiana 46805 is Defendant Jamison Foster's dwelling house or usual place of abode. To the contrary, Defendant Jamison Foster's Summons was returned as unexecuted, and his pleadings indicate a different address, 22723 Keith Drive, New Caney, Texas 77357, which Plaintiff has acknowledged. *See* Doc. 46 at 2 ("As [o]f February 13, 2026, . . . Defendant Jamison Foster[] also claims to reside at the address located at 22723 Keith Drive, New Caney, Texas 77357."). Therefore, Plaintiff has not satisfied her burden of demonstrating that proper service has been made on Defendant Jamison Foster, and Plaintiff's application for the clerk's entry of default as to Defendant Jamison Foster is DENIED. *See, e.g., Tantaros v. Fox News Network, LLC*, 2026 WL 768981, at *1 (S.D.N.Y. Mar. 18, 2026) ("Entry of default is not appropriate where the defendant was not properly served with process.") (internal quotation marks and citation omitted).

Under Fed. R. Civ. P. 4(m),

> If a defendant is not served within [ninety] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff has failed to properly and timely serve Defendant Jamison Foster within ninety days of filing suit as required by Fed. R. Civ. P. 4(m). Plaintiff is HEREBY ORDERED to show good cause as to why Defendant Jamison Foster has not been properly and timely served within fourteen (14) days of this Order. If Plaintiff does not do so, her claims against Defendant Jamison Foster shall be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant Jamison Foster's motion to dismiss, (Doc. 54), and DENIES Plaintiff's application for the clerk's entry of default. (Doc. 51.) The court HEREBY ORDERS Plaintiff to show good cause for her failure to properly and timely serve Defendant Jamison Foster within fourteen (14) days of this Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 24th day of April, 2026.

Christina Reiss, Chief Judge
United States District Court

4