U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 MAY -4 PM 3: 17

CLERK

BY_____ UhW
_____

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

HELEN JEAN WOOD,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )     Case No. 2:25-cv-00770-cr
                                          )
LINDA FOSTER, HARRY WETHERILL             )
FOSTER III, RALPH BENJAMIN, CLAYTON       )
BENJAMIN, NANCY BENJAMIN, PENNY           )
MOLOSO, JEFFREY H. BURNS, and             )
JAMISON C. FOSTER,                        )
                                          )
            Defendants.                   )

**ENTRY ORDER**
**DENYING DEFENDANT JAMISON FOSTER'S MOTION TO DISMISS**
(Doc. 60)

On September 18, 2025, Helen Jean Wood ("Plaintiff") filed suit against Linda Foster, Harry Wetherill Foster III, Ralph Benjamin, Clayton Benjamin, Nancy Benjamin, Penny Moloso, Jeffrey H. Burns, and Jamison C. Foster. Pending before the court is Defendant Jamison Foster's motion to dismiss. (Doc. 60.)

Plaintiff is represented by Kaelin E. Mackey, Esq., Peter F. Langrock, Esq., and William A. Vasiliou II, Esq. Defendant Jamison Foster is self-represented.

**I.    Factual and Procedural Background.**

On November 20, 2025, Plaintiff filed an affidavit of service for Defendant Jamison Foster. The affidavit of service indicated that, on October 29, 2025, a sheriff served Defendant Jamison Foster with the Summons and Complaint by leaving a copy on the door at the address 1817 Spy Run Avenue, Fort Wayne, Indiana 46805 ("1817 Spy Run"), and by mailing a copy to that same address. *See* Doc. 7. Thereafter, Defendant Jamison Foster did not appear or file an Answer or other responsive pleading by the November 19, 2025 deadline. On December 9, 2025, a filing indicated that Defendant Jamison Foster's Summons was returned as unexecuted: "11/19/25 update[:] mailer came

back as undeliverable[;] someone wrote return to sender – [Defendant Jamison Foster] doesn't live here[;] post office returned as unable to forward[.]" (Doc. 16 at 1) (capitalization removed).

On January 30, 2026, Plaintiff filed an application for the clerk's entry of default as to Defendant Jamison Foster, which the clerk's office granted on February 2, 2026. On February 26, 2026, Defendant Jamison Foster appeared and filed a motion to set aside the entry of default, claiming "[t]he Complaint and Summons w[ere] not personally served or left at [his] dwelling house or usual place of abode with some person of suitable age." (Doc. 38 at 2.) On March 19, 2026, the court granted his motion to set aside the clerk's entry of default because Plaintiff failed to timely oppose it. The court granted Defendant Jamison Foster "twenty (20) days from the date of this text Order to file an answer or other responsive pleading." (Doc. 41.) In its March 26, 2026 Order, the court acknowledged that "[t]he parties present competing facts[]" as to whether Defendant Jamison Foster was properly served and noted that Defendant "Jamison Foster may raise insufficient service of process in [his] responsive pleading[]." (Doc. 43.) On April 15, 2026, Plaintiff filed another application for the clerk's entry of default as to Defendant Jamison Foster. That same day, Defendant Jamison Foster filed a motion to dismiss, claiming "no process server or [s]heriff has served a copy of the Complaint or Summons upon [him]." (Doc. 54 at 1.)

On April 24, 2026, the court denied Defendant Jamison Foster's motion to dismiss as untimely, denied Plaintiff's application for the clerk's entry of default, and issued a Show Cause Order because "Plaintiff has presented no evidence tending to show that 1817 Spy Run . . . is Defendant Jamison Foster's dwelling house or usual place of abode." (Doc. 55 at 3.) On April 27, 2026, Defendant Jamison Foster filed another motion to dismiss Plaintiff's Complaint, again claiming that "no process server or [s]heriff has served a copy of the Complaint or Summons upon [him]." (Doc. 60 at 2.) On April 28, 2026, Plaintiff responded to the court's Show Cause Order. (Doc. 62.)

2

## II.    Conclusions of Law and Analysis.

Under Fed. R. Civ. P. 4(e)(1), an individual may be properly served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Generally, "[t]he burden is on the plaintiff to prove that service of process was proper." *Templos v. Luna Cuisine, Inc.*, 738 F. Supp. 3d 325, 330 (E.D.N.Y. 2024) (citation omitted).

Under Indiana law, where the sheriff served Defendant Jamison Foster, an individual may be properly served by "leaving a copy of the summons and complaint at his dwelling house or usual place of abode[.]" Ind. R. Trial P. 4.1(A)(3); *see also* Ind. R. Trial P. 4.1(B) ("When service is made under subdivision (A)(3) . . . , the person making the service also must send by first[-]class mail[] a copy of the summons and the complaint to the address on the summons of the person being served, and this fact must be shown upon the return."). "Indiana courts do not define 'dwelling house or usual place of abode,' or the words in the phrase, when discussing Rule 4.1(A)(3). Rather, when evaluating whether a home is a person's dwelling house or usual place of abode, they engage in an 'extremely fact-sensitive' inquiry." *Doe v. Rees*, 2026 WL 763827, at *10 (N.D. Ind. Mar. 18, 2026) (quoting *Norris v. Pers. Fin.*, 957 N.E.2d 1002, 1007 n.4 (Ind. Ct. App. 2011)).

In response to this court's April 24, 2026 Show Cause Order, Plaintiff presents evidence indicating that 1817 Spy Run is Defendant Jamison Foster's usual place of abode, including a hearing decision of Neighborhood Code Compliance, dated July 17, 2025, listing Defendant Jamison Foster's address as 1817 Spy Run and a Notification of Lien, dated December 22, 2025, listing Defendant Jamison Foster's address as 1817 Spy Run. Defendant Jamison Foster's mailing of his April 15, 2026 motion to dismiss to Plaintiff listed his return address as 1817 Spy Run. Defendant Jamison Foster's parents, who are parties in this action, also reside at the 1817 Spy Run address. This is sufficient evidence to establish that, at the time of service on October 29, 2025, 1817 Spy Run was Defendant Jamison Foster's usual place of abode. *See Doyle v. Barnett*, 658 N.E.2d 107, 109 (Ind. Ct. App. 1995) (affirming trial court's finding that defendant's father's

3

residence was defendant's usual place of abode because Bureau of Motor Vehicle records "listed [defendant]'s address as that of his father's[,]" defendant "received all of his mail at his father's address and listed his father's address on the accident report[,]" defendant's "insurance company also maintained [defendant]'s address as that of his father," and "the address listed on his driver's license was that of his father[]").

For the foregoing reasons, the court finds Defendant Jamison Foster was properly served under the Indiana Rules of Trial Procedure, and his motion to dismiss for insufficient service of process is DENIED. Defendant Jamison Foster is HEREBY ORDERED to file an Answer or other responsive pleading within twenty (20) days of this Order.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant Jamison Foster's motion to dismiss, (Doc. 60), and HEREBY ORDERS Defendant Jamison Foster to file an Answer or other responsive pleading within twenty (20) days of this Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this ____ day of May, 2026.

Christina Reiss, Chief Judge
United States District Court

4